FILED
CLERK
11:27 am, Mar 24, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAWN GALLAGHER,

                        Plaintiff,

       -against-                                  16-CV-0473 (SJF)(SIL)

BOARD OF EDUCATION OF EAST HAMPTON      *AMENDED* OPINION
UNION FREE SCHOOL DISTRICT,                      and ORDER[1]

                        Defendant.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

       On or about January 29, 2016, plaintiff Dawn Gallagher ("plaintiff") commenced this civil rights action against defendant Board of Education of East Hampton Union Free School District ("defendant"), pursuant to 42 U.S.C. § 1983, alleging that defendant violated her First Amendment freedom of association, free speech and freedom of assembly rights and Fourteenth Amendment procedural due process rights. Pending before the Court is defendant's motion to dismiss the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief and plaintiff's cross motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend her complaint. Defendant's only opposition to plaintiff's cross motion is that it should be dismissed as unnecessary because plaintiff "is entitled to amend her complaint as of right," but has not done so to date. (Defendant's Reply Memorandum of Law at 7).

       Contrary to defendant's contention, plaintiff's right to amend the complaint once as a matter of course terminated twenty-one (21) days after it served its motion to dismiss pursuant to

---

[1] Amendments are italicized.

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure upon her. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within: . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier.") Indeed, all of the cases cited by defendant for its contention that the time to amend as of right runs only from service of a responsive pleading, and that a motion to dismiss for failure to state a claim is not a responsive pleading, pre-date the 2009 amendment of Rule 15 of the Federal Rules of Civil Procedure, effective December 1, 2009. Prior to the 2009 amendment, Rule 15(a)(1) provided: "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1) (2008). The 2009 amendment changed Rule 15(a), *inter alia*, by permitting amendment once as a matter of course in response to, *inter alia*, a motion to dismiss pursuant to Rule 12(b), provided leave to amend is sought within the twenty-one (21)-day period prescribed therein. *See* Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment.

Since defendant served its motion to dismiss on or about July 13, 2016, plaintiff's right to amend the complaint as a matter of course terminated on *August* 3, 2016. Since plaintiff did not serve and file an amended pleading within the twenty-one (21)-day period set forth in Rule 15(a)(1)(B), she properly sought leave of this Court to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires," and defendant does not contend that the proposed

amendments are futile, *i.e.*, that "they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure[,]" *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015) (quotations and citation omitted); that plaintiff unduly delayed, or acted in bad faith or with dilatory motive, in seeking leave to amend; or that it would be unduly prejudiced by allowing plaintiff to amend her complaint. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016). Accordingly, plaintiff's cross motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend the complaint is granted to the extent that plaintiff may serve and file an amended complaint **by no later than April 24, 2017,** or she will be deemed to have waived her right to file an amended complaint; and defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied with leave to renew in the event plaintiff fails to serve and file an amended complaint in accordance with this Order.

SO ORDERED.

                                                          /s/
                                                   Sandra J. Feuerstein
                                                   United States District Judge

Dated: March 24, 2017
       Central Islip, New York