FILED
CLERK
4:00 pm, Feb 09, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DAWN GALLAGHER,

                Plaintiff,

    -against-                                16-CV-0473 (SJF)(SIL)

BOARD OF EDUCATION OF EAST HAMPTON        **ORDER**
UNION FREE SCHOOL DISTRICT,

                Defendant.
----------------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiff Dawn Gallagher ("plaintiff") to so much of the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 21, 2017 ("the Report"), as recommends that the branches of the motion of defendant Board of Education of East Hampton Union Free School District ("defendant") seeking dismissal of plaintiff's Fourteenth Amendment procedural and substantive due process claims and First Amendment retaliation claims in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, and that plaintiff's Fourteenth Amendment procedural and substantive due process claims and First Amendment retaliation claims in the amended complaint be dismissed in their entirety with prejudice. For the reasons stated herein, Magistrate Judge Locke's Report is modified to the extent set forth herein and, as modified, is accepted in its entirety.

I.      Standard of Review

      Any party may serve and file written objections to a report and recommendation of a

1

magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Objections to a magistrate judge's report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) (quotations and citation omitted); *see also Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (holding that objections must be specific and "address only those portions of the proposed findings to which the party objects." (quotations and citation omitted)). General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review . . . [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); *accord Phillips*, 955 F. Supp. 2d at 211; *see also Charles v. County of Nassau*, 116 F. Supp. 3d 107, 116 (E.D.N.Y. 2015) ("The clearly erroneous standard . . . applies when a party makes only conclusory or general objections, or simply reiterates its original arguments.") To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v.*

*Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 129 (E.D.N.Y. 2015) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.     Plaintiff's Objections

   A.    Due Process Claims

Plaintiff contends, *inter alia*, that Magistrate Judge Locke overlooked the "specific due process violation" alleged in the amended complaint, (Plaintiff's Objections to the Report ["Plf. Obj."] at 2), to wit, that defendant violated N.Y. Civ. Serv. Law § 75(3) (i) by suspending her without pay or benefits for a period in excess of thirty (30) days; and (ii) by failing to pay her for the initial thirty (30)-day suspension following its withdrawal of the disciplinary charges against her in September 2013." (*Id.* at 1-5).

      1.    Procedural Due Process Claim

Contrary to plaintiff's contention, the Report specifically addresses her allegations: (i) "that Defendant unlawfully suspended her without pay or benefits for the approximately seven-

month period between February 1, 2013 and September 3, 2013, thereby violating her rights under the First and Fourteenth Amendments[,]" (Report at 5); and (ii) that defendant "violated Section 75 by suspending her without pay[.]" (*Id.* at 11). Upon *de novo* review of the Report, the operative pleadings and all motion papers, and consideration of plaintiff's objections to the Report and defendant's response thereto, so much of the Report as finds that plaintiff failed to state a plausible Fourteenth Amendment procedural due process claim in the amended complaint is accepted in its entirety. *See, e.g. Klaes v. Jamestown Bd. of Pub. Utils.*, No. 11-cv-606, 2013 WL 1337188, at * 17-18 (W.D.N.Y. Mar. 29, 2013) (finding that the amended complaint, which alleged, *inter alia*, that the plaintiff was served with disciplinary charges and a notice of hearing in accordance with N.Y. Civ. Serv. Law § 75 and that plaintiff was suspended without pay in excess of thirty [30] days, and did not allege that the plaintiff was denied the right to a hearing on the charges or was denied process pursuant to Article 78 of the New York Civil Practice Law and Rules, failed to state a plausible procedural due process claim); *Fox v. County of Yates*, No. 10-cv-6020, 2010 WL 4616665, at * 6 (W.D.N.Y. Nov. 12, 2010) (dismissing the plaintiff's procedural due process claim alleging that she was suspended without pay in excess of the thirty [30]-day period provided by N.Y. Civil Serv. Law § 75(3) because, *inter alia*, "a sufficient post-deprivation procedure was available through the administrative hearings and in the form of an Article 78 proceeding."); *Kennedy v. City of New York*, No. 94-cv-2886, 1996 WL 711505, at * 2 (S.D.N.Y. Dec. 10, 1996) (dismissing the plaintiff's procedural due process claim alleging that his rights under N.Y. Civil Serv. Law § 75(3) were violated because he was suspended without pay in excess of thirty (30) days because, *inter alia*, he failed to show that an Article 78 proceeding to review the delays "would have constituted inadequate state procedures.")

Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's procedural due process claims in the amended complaint is granted and plaintiff's procedural due process claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

2. Substantive Due Process Claim

Plaintiff does not assign any error to Magistrate Judge Locke's findings that her claim that defendant "brought 'malicious,' unfounded,' and 'flimsy' charges against her is insufficient to establish a viable substantive due process claim[,]" (Report at 13); that "[a]t best, [plaintiff] alleges that [defendant] acted in response to its incorrect perception of internal problems in the Unit[,]" (*id.*); and that those allegations "are insufficient to plausibly sustain the type of charges of government abuse necessary to establish a substantive due process cause of action." (*Id.* at 13-14). There being no clear error on the face of the Report with respect to those findings, they are accepted in their entirety. Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's substantive due process claims is granted to the extent that plaintiff's substantive due process claims relating to defendant's conduct in bringing the disciplinary charges against plaintiff are dismissed in their entirety with prejudice for failure to state a claim for relief.

Rather, plaintiff contends, *inter alia*, (i) that defendant infringed on her right to a "government salary during months 2 through 7 of the suspension period" provided by N.Y. Civ. Serv. Law § 75(3), "with no basis in law for infringing on that salary," (Plf. Obj., ¶¶ 19-20); (ii)

that defendant's "failure to pay government salary during an Article 75 proceeding for alleged misconduct is unsupported in law and arbitrary and irrational under clearly stated law[,]" (*id.*, ¶ 22); and (iii) that defendant's "failure to reimburse the monies for government salary for the first thirty days of suspension following the withdrawal of the misconduct charges," as required by N.Y. Civ. Serv. Law § 75(3), "is also contrary to clearly established law[.]" (*Id.*, ¶¶ 23-24).

Contrary to defendant's contention, the amended complaint does assert a substantive due process claim based upon plaintiff's suspension without pay in excess of the thirty (30)-day period prescribed by N.Y. Civil Serv. Law § 75(3), although it does not assert a substantive due process claim based upon defendant's alleged "failure to reimburse the monies for government salary for the first thirty days of suspension following the withdrawal of the misconduct charges[,]" (Plf. Obj. at 6, ¶ 23), which is improperly raised for the first time in plaintiff's objections to the Report. Specifically, the amended complaint alleges, *inter alia*, (i) that "[i]n order to meet some political agenda, the defendant . . . destroyed any effective management oversight in the Transportation Department and instead filed malicious and unfounded charges including the baseless charges against [plaintiff] *with immediate suspension without pay*[,]" (Amended Complaint ["Am. Compl."], ¶ 147) (emphasis added); and (ii) that "the specious charges filed *and suspension without pay* against [plaintiff] were meant to intimidate, deter the exercise of constitutional rights, and frustrate the equal protection of the laws, and constituted a substantive due process violation." (*Id.*, ¶ 49) (emphasis added). In addition, plaintiff expressly argued that her suspension without pay for seven (7) months deprived her of her substantive due process rights in her memorandum of law in opposition to defendant's motion to dismiss. (*See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended

Complaint ["Plf. Mem."] at 9-12).

Since the Report does not address plaintiff's substantive due process claim based upon defendant's alleged violations of N.Y. Civil Serv. Law § 75(3), (*see* Report at 13-14), so much of the Report as recommends dismissing plaintiff's substantive due process claims is modified to include the following the analysis:

"The Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 126, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) (quotations, alterations and citation omitted). "Substantive due process protects individuals against government action that is arbitrary, . . . conscious-shocking, . . . or oppressive in a constitutional sense, . . . but not against government action that is incorrect or ill-advised[.]" *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (quotations and citations omitted); *accord Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006). "Moreover, government action might be so arbitrary that it violates substantive due process 'regardless of the fairness of the procedures used.'" *Lowrance*, 20 F.3d at 537 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 112 S. Ct. 1780, 1785, 118 L. Ed. 2d 437 (1992)).

Plaintiff's claims that defendant's alleged violations of N.Y. Civ. Serv. Law § 75 deprived her of her substantive due process rights do not rise to the level of "arbitrary or conscious shocking" conduct necessary to state a plausible substantive due process claim. *See, e.g. Fox*, 2010 WL 4616665, at * 7 (dismissing the plaintiff's substantive due process claim alleging that she was suspended without pay in excess of thirty (30) days in violation of N.Y. Civ. Serv. Law § 75). Accordingly, for the reasons set forth herein, plaintiff's substantive due

7

process claims based upon defendant's alleged violations of N.Y. Civ. Serv. Law § 75(3) are dismissed in their entirety with prejudice for failure to state a claim for relief.

B. First Amendment Claims

1. Free Speech Claims

Plaintiff does not assign any error to Magistrate Judge Locke's finding that "to the extent that the 'no trespass order' is construed to allege a First Amendment unconstitutional time, place, and manner restriction, such a claim also fails as a matter of law." (Report at 18). There being no clear error on the face of the Report with respect to that finding, the Court accepts it in its entirety. Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's First Amendment free speech claims is granted to the extent that any First Amendment free speech claim in the amended complaint based upon the "no trespass order" is dismissed in its entirety with prejudice for failure to state a claim for relief.

However, plaintiff contends, *inter alia*, that Magistrate Judge Locke erred: (i) in "center[ing] on [defendant's] defense as to disclosing the [disciplinary] charges rather than the reality of [plaintiff's] speech," (Plf. Obj., ¶ 39), which was her "proposed testimony at the disciplinary hearing of Christine Vorphal ['Vorphal']. . . [that] would have raised matters of public concern on the safety of the operation of school buses in terms of staffing, course of travel, and management of the operation[,]" (*id.*, ¶ 33), and "the safety of the transport of children by [defendant's] agents and employees[,]" (*id.*, ¶ 38; *see also id.*, ¶ 39 [contending that plaintiff "was focused on the safety of the transportation function, moving school age children

8

safely from place to place, and would have testified as to that matter of public concern"]); and (ii) in "assum[ing] the speech was not on a matter of public concern, but [defendant's] decision to settle the Vorphal matter and curtail the . . . charges [against plaintiff] were [sic] in response to the opening of the disciplinary process and any hearings to the public and the press." (*Id.*, ¶ 42).

With respect to plaintiff's First Amendment free speech claim, the amended complaint alleges, *inter alia*, (i) that the "disciplinary matters" commenced by defendant against plaintiff and Vorphal "had become matters of public concern as the public clamor for information led Superintendent Burns to author a letter to the parents of the district explaining what the charges were not, and the local newspapers continued to highlight the suspensions throughout the period of suspensions[,]" (Am. Compl., ¶ 111); (ii) that "defendant was aware the disciplinary hearings were to involve sworn testimony by [plaintiff] in a disciplinary proceeding involving Christine Vorphal[,]" (*id.*, ¶ 112); (iii) that "[t]hese matters had become matters of public concern as the East Hampton public reacted to news of impending charges with alarm that school bus personnel were being suspended for misconduct[,]" (*id.*, ¶ 114); and (iv) that plaintiff's protected speech was (A) her "testimony regarding the disciplinary proceeding as against another public employee in a public forum under oath and before an audience of the general public which had indicated alarm at the news of the charges against school bus personnel," (*id.*, ¶ 115), (B) her "support of" Vorphal in the Vorphal disciplinary hearing, (*id.*, ¶ 116; *see also id.*, ¶ 120), and (C) her "testimony as against the respective disciplinary charges involving [Vorphal and herself]." (*Id.*, ¶ 120). Nothing therein indicates in any way that plaintiff's proposed testimony would address issues of defendant's transportation safety. Indeed, disciplinary hearings under N.Y. Civ. Serv. Law § 75 address only the "incompetency or misconduct" of a person described therein, *see* N.Y.

9

Civ. Serv. Law § 75(1), and, thus, plaintiff's proposed testimony would have been in support of her and Vorphal's competency and conduct, not on a matter of public concern. *See, e.g. Moriates v. City of New York*, No. 13-cv-4845, 2016 WL 3566656, at * 6 (E.D.N.Y. June 24, 2016) (rejecting the plaintiff's contention that her testimony in a disciplinary action against her coworker related to public safety and was of public concern because the disciplinary action related to hazardous materials on the basis that the subject of the hearing was that the coworker had endangered public safety by violating regulations, and plaintiff's testimony was in support of him, not the public).

Upon *de novo* review of the Report, the operative pleadings and all motion papers, and consideration of plaintiff's objections to the Report and defendant's response thereto, so much of the Report as finds that plaintiff's allegations in the amended complaint do not touch on a matter of public concern is accepted in its entirety. Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's First Amendment free speech claims in the amended complaint is granted and plaintiff's First Amendment free speech claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

2. Freedom of Association Claims

Plaintiff seemingly challenges Magistrate Judge Locke's (i) finding that her and Vorphal's "joint involvement in workplace issues" does not rise to the "familial level of closeness," (Report at 20), required to state a First Amendment intimate association claim, (*see* Plf. Obj., ¶ 47); and application of the Second Circuit's standard for considering an intimate

10

association claim. (*See Id.*, ¶ 48).

Upon *de novo* review of the Report, the operative pleadings and all motion papers, and consideration of plaintiff's objections to the Report and defendant's response thereto, so much of the Report as finds that plaintiff's allegations "do not establish a constitutionally protected intimate relationship," (Report at 20), is accepted in its entirety. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 58-59 (2d Cir. 2014) (finding that the right to intimate association encompasses "relationships that involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experience, and beliefs but also distinctively personal aspects of one's life," and that the characteristics of constitutionally protected intimate associations are "deep attachment, commitment, and self-identification." (quotations and citation omitted)). Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's First Amendment freedom of association claims in the amended complaint is granted and plaintiff's First Amendment freedom of association claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

C. Conspiracy Claims

Plaintiff asserts that upon review of so much of the Report as recommends granting the branch of defendant's motion seeking dismissal of her conspiracy claims under 42 U.S.C. § 1985(2) ("Section 1985"), she "provide[s] no opposition" thereto. (Plf. Obj., ¶ 49). There being no clear error on the face of the Report with respect to Magistrate Judge Locke's findings and

recommendation relating to plaintiff's Section 1985 conspiracy claims, the Court accepts them in their entirety. Accordingly, for the reasons set forth in the Report, the branch of defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's Section 1985 conspiracy claims is granted and plaintiff's Section 1985 conspiracy claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

### D.  Leave to Amend

Plaintiff assigns no error to Magistrate Judge Locke's recommendation that she not be granted leave to file a second amended complaint, but requests leave to file a second amended complaint for the first time in her objections to the Report in order to "address any infirmities found to be contained within the Amended Complaint." (Plf. Obj., ¶ 49).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nonetheless, leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party[.]" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quotations and citation omitted). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015) (quotations and citation omitted).

Since plaintiff provides no indication of how she would replead any of her claims against defendant in the amended complaint to remedy the deficiencies therein, her request for leave to file a second amended complaint is denied as futile. *See Tannerite Sports, LLC v. NBCUniversal*

*News Grp., a div. of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017) (finding that the district court properly denied the plaintiff's request to file an amended complaint as futile where the plaintiff alleged only "that an amendment would 'correct any defects identified by the Court[,]' . . . [and] made no specific argument as to how an amended complaint would 'cure prior deficiencies' or pass muster under Rule 12(b)(6)."); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[I]n the absence of any indication that [the plaintiff] could– or would– provide additional allegations that might lead to a different result, the District Court did not err in dismissing her claim with prejudice.")

III. CONCLUSION

For the reasons set forth herein, (i) plaintiff's objection, in essence, that the Report failed to consider her Fourteenth Amendment substantive due process claim based upon defendant's alleged violations of N.Y. Civ. Serv. Law § 75(3) is sustained; (ii) the Report is modified in accordance with this Order to provide that plaintiff's Fourteenth Amendment substantive due process claims based upon defendant's alleged violations of N.Y. Civ. Serv. Law § 75(3) are dismissed in their entirety with prejudice for failure to state a claim for relief; (iii) plaintiff's objections are otherwise overruled and the Report, as modified, is accepted in its entirety; (iv) plaintiff's request for leave to file a second amended complaint is denied; and (v) for the reasons set forth in the Report, as modified in accordance with this Order, defendant's motion seeking to

13

dismiss plaintiff's claims against it in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against defendant in the amended complaint are dismissed in their entirety with prejudice for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

                                                   /s/
                                       Sandra J. Feuerstein
                                       United States District Judge

Dated: February 9, 2018
       Central Islip, New York